FILED
MAR 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK SANDERS,

    Plaintiff,

v.                                Civil Action No. 1:18-cv-01981 (UNA)

ACE TEMPORARIES, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of

Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Washington, D.C., sues Ace Temporaries (located in Arlington, Virginia), D.A. Foster (located in Sterling, Virginia), and Keystone Freight (located in Columbia, Maryland). Defendants appear to be plaintiff's current or former employers. The complaint contains a wide-array of disparate allegations, including, but not limited to: [sic] "crimes coming from the employers exchanged words, vandalism at my house and unable to work my way up since 1999, 2009," "stability and evaluation has been array ricochet and mystery of beyond," back and knee injuries, unspecified struggles with unemployment, and hacking of his home privacy. It is completely unclear what claims plaintiff is attempting to bring, and what, if anything, factually connects these allegations to one another or to the named defendants. He seeks damages based on estimates of "up to $45,000 or more."

As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Plaintiff also fails to establish entitlement to relief or appropriate jurisdiction. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: March 12, 2019

United States District Judge